307 F.2d 348
 Charles D. HEATH, Appellant,
v.
Abraham A. RIBICOFF, Secretary of the Department of Health, Education and Welfare, Social Security Administration, United States of America, Appellee.
 No. 8600.
 United States Court of Appeals Fourth Circuit.
 Argued June 5, 1962.
 Decided August 30, 1962.
 
 John Bolt Culbertson, Greenville, S. C., for appellant.
 John C. Eldridge, Atty., Dept. of Justice (William H. Orrick, Jr., Asst. Atty. Gen., John C. Williams, U. S. Atty., and Alan S. Rosenthal, Atty., Dept. of Justice, on brief), for appellee.
 Before SOBELOFF, Chief Judge, HAYNSWORTH, Circuit Judge, and CRAVEN, District Judge.
 PER CURIAM.
 
 
 1
 The District Court affirmed a decision of the Secretary of Health, Education and Welfare denying the claimant's application for a period of disability and disability insurance benefits under §§ 216(i) and 223 of the Act.[1] We affirm, for there was substantial evidence to support the findings of the Secretary.
 
 
 2
 The applicant had worked in a textile plant until 1956. In 1957, he consulted a physician who arrived at a diagnosis of arteriosclerosis and hypertensive cardiovascular disease. The physician reached this diagnosis without the benefit of X-rays or electrocardiograms. Subsequent examinations by other physicians, with the benefit of X-rays, cardiograms and other diagnostic aids, disclosed no cardio-vascular ailment. These examinations did reveal that the claimant was suffering from pernicious anemia. He has received treatment for pernicious anemia, beginning with massive injections of Vitamin B12 and, continuing later, with oral doses taken periodically. There is agreement in the medical reports and evidence that the course of treatment has resulted in an elimination of the symptoms of the disease, except for a residual absence of position and vibration sense in the toes.
 
 
 3
 The testimony indicates there is no permanent cure for pernicious anemia. With Vitamin B12 treatment, however, it can be kept under such excellent control that there are no symptoms of the disease in the patient, so long as he continues the prescribed periodic dosages, and there is no incapacity.
 
 
 4
 The only impairment of the claimant shown by this record arises out of the insensitivity in his toes. As to that, the medical testimony was that it would not interfere significantly with the plaintiff's walking, and, in the opinion of the doctor, the plaintiff could return to the same work he had done before.
 
 
 5
 It also appears that the plaintiff has little intelligence and little education. These deficiencies had not been incapacitating earlier and there is no suggestion that they now are, either alone or in conjunction with the minimal impairment arising from the insensitivity of the toes. The claimant also appears lethargic. The one medical witness, who testified in person, indicated the opinion that the plaintiff is lazy, but that the apparent lethargy will diminish with continued Vitamin B12 treatment.
 
 
 6
 This record clearly supports the finding that the claimant has no arteriosclerosis or hypertensive cardio-vascular disease, and that his pernicious anemia is now under such control, with such little residual impairment, that the claimant is in no sense now disabled. It supports the doctor's opinion, expressed on the record, that the claimant is not only capable of working, but is able to return to the very work he was doing before he became sick with pernicious anemia.
 
 
 7
 The Secretary's finding that the record discloses no permanent disability within the meaning of the Act is supported by substantial evidence, as the District Court correctly held.[2]
 
 
 8
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 42 U.S.C.A. §§ 416(i) and 423
 
 
 [2]
 Bradey v. Ribicoff, 4 Cir., 298 F.2d 855